### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

ALEJANDRA RIVERO GIL          CIVIL ACTION NO. 26-1593 SEC P

VERSUS          JUDGE EDWARDS

MARKWAYNE MULLIN ET AL          MAG. JUDGE DAVID J. AYO

### MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order ("TRO") (ECF No. 3), filed by Alejandra Rivero Gil ("Petitioner").  It is **DENIED**.

To obtain a preliminary injunction, one must show that one is "likely to succeed on the merits" of one's case.  *See Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008); *United States v. Abbott*, 110 F.4th 700, 706-707 (5th Cir. 2024).  It is "the most important of the [TRO] factors."  *See Mock v. Garland*, 75 F.4th 563, 587, n.60 (5th Cir. 2023).  Having reviewed Petitioner's filings, we cannot adequately ascertain (she has not made an adequate showing) that she is substantially likely to have a meritorious claim.

The decision of whether to grant or deny a TRO lies in the district court's discretion.  *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017).  And courts should deny such motions more often than not.  *See Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").  Entitlement to a TRO must be

"unequivocally show[n]." *Suburban Propane, L.P. v. D & S GCTX LLC*, 1:25-CV-00706, 2025 WL 2429087, at \*2 (W.D. Tex. May 20, 2025).  The legal and factual basis for any relief presented in the Motion, *see* ECF No. 3, is too equivocal; accordingly,

**IT IS ORDERED** that the Motion for TRO (ECF No. 3) is **DENIED**.

**THUS DONE AND SIGNED** this 15th day of May, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**